UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-62190-DIMITROULEAS

YUNIER ORTEGA,

     Plaintiff,

vs.

LAS BRISAS RESTAURANTE, LLC,
939 ENTERPRISES, INC.,
ALBERTO GALAN, and
JOSE SEGUNDO MARTINEZ,

     Defendants.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO

     Plaintiff, Yunier Ortega, requests that the Court deny Defendants' *pro se* Motion to Vacate based upon the following good cause:

### I. Introduction

     Defendants now come before the Court and purport after filing papers *pro se* to obtain relief from the Default Judgment entered as a result of their inexcusable neglect.[1] Defendants cite to no rule, law, excusable neglect, or legitimate basis to award them the relief requested and so their Motion must be denied. Consequently, Defendants' Motion must be denied as a matter of law

---

[1]    The individual Defendant represented to the Court that he does not speak, read, or write English at the hearing held on February 12, 2015, yet he filed papers in this Court that are not just in English, but which also seem to have been prepared for him by counsel who did not appear in this action.

## II.  The Facts

1.      Plaintiff worked at Defendants' restaurant and, after being fired for asking about his pay, filed this lawsuit on September 23, 2014. [ECF No. 1.]

2.      Plaintiff then served Defendants with the Summons and Complaint on October 17, 2014. [ECF No. 6.]

3.      Plaintiff requested that the Clerk of Courts issue a Default against Defendants after they failed to timely respond to the Complaint on November 17, 2014 [ECF No. 7], 31 days after having served Defendants with process.

4.      The Clerk of Courts entered a Default against Defendants on November 18, 2014, [ECF No. 8], which Plaintiff served on Defendants on November 24, 2014, along with a letter indicating that they should consult with an attorney about the significance of the Default (or to contact my office to resolve the matter). [ECF No. 20-1.]

5.      Having received nothing from Defendants, or a returned envelope, Plaintiff proceeded to apply for a Default Final Judgment against these Defendants on January 6, 2015. [ECF No. 10.]

6.      Plaintiff sent a letter the following day in which he enclosed his Motion for Default Final Judgment (with Exhibits) to Defendants, again reminding them to consult with an attorney. [ECF No. 20-2.]

7.      The Court then granted the Motion [ECF No. 12] and entered a Default Final Judgment against Defendants [ECF No. 13] on January 21, 2015.

8.      Defendants then filed their *pro se* Answer and Affirmative Defenses and Motion to Set Aside Default Judgment on February 10, 2015, which was docketed and sent by CM/ECF the following day. [ECF Nos. 18, 19.]

9.      In their Answer [ECF No. 18], Defendants assert no Affirmative Defenses and do not provide any basis to avoid the Court's award of damages or the entry of a judgment against them.

10.     Even though the Certificates of Service for Defendants' Answer and Motion to Vacate indicate that Defendants served both by email and by U.S. Mail, the undersigned attorney has not received any contact or documents from these Defendants since the inception of this case. [ECF Nos. 18, 19.]

11.     The undersigned attorney has not received any mail directed to these Defendants returned as undeliverable.

### III. The Law

"The Court may set aside a final judgment under certain conditions, *see* Federal Rule of Civil Procedure 60(b), but this discretionary authority 'does not mean that final judgments should be lightly reopened.' " *Alvarez v. Nunez*, 2013 WL 1192302 (S.D. Fla. 2013) (quoting *Griffin v. Swim–Tech Corp.*, 722 F.2d 677 (11th Cir.1984). Rule 60 of the Federal Rules of Civil Procedure sets for the limited circumstances under which a Court can vacate the entry of a judgment.

"[F]or purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P.ship*, 507 U.S. 380, 394 (1993). The defaulted party bears the burden of establishing this excusable neglect to the satisfaction of the Court. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993).

Defendants bear the burden of proving the type of excusable neglect necessary to obtain relief under Rule 60, as follows:

To establish excusable neglect under clause (1), a defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993)).

*Pruco Life Ins. Co. v. Brasner*, 2011 WL 1743647, at *2 (S.D. Fla. May 3, 2011).

A corporation must appear through counsel and may not be represented by a non-lawyer.

*Palazzo v. Gulf Oil Corp.*, 764 F.2d 138, 1385 (11th Cir. 1985); *National Independent Theater Distributors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602 (11th Cir. 1984); *Southwest Express Corp. v. ICC*, 670 F.2d 53, 56 (5th Cir.1982).

## IV. Argument

Defendants not only fail to identify any legal basis upon which the Court could grant them relief, but they also fail to provide the Court with any legitimate basis upon which the Court could relieve them of the Default Judgment. Defendants instead claim that the sole reason why the failed to do anything in the case until February 2015 was because of their "lack of knowledge of the legal system". [ECF No. 19.] Lack of knowledge is not one of the enumerated bases upon which the Court could grant any relief under Rule 60. If the Court could grant relief under Rule 60 based upon a professed "lack of knowledge", then Defendants' Motion also fails as a result of their concomitant failure to provide the Court with any defenses that they could assert (and ultimately prevail upon). For these reasons, Defendants' Motion must be denied.

A.     *Ignorance is not a basis for relief.*

Rule 60(b) sets forth several grounds upon which a Court can rescind or amend a final judgment, "but this does not mean that final judgments should be lightly reopened." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). "The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" (Quoting *Bankers Mortgage Co. v. U.S.*, 423 F.2d 73, 77 (5th Cir. 1970.)

Defendants do not cite to any legitimate basis that would form a basis for relief under the Federal Rules. To the contrary, the only basis for Defendants' failure to take any action in this case was, "a result **of my lack of knowledge of the legal process** and my inability to afford to hire an attorney to represent myself and the business." [ECF No. 19.]

Ignorance of the law, under the circumstances presented, is not a sufficient basis for the Court to require that all the labor in this case be re-performed. The facts of this case are akin to those considered in *Alvarez*, 2013 WL 1192302, wherein Judge Hoeveler denied the Defendants' any relief from the default judgment after they received numerous papers throughout the duration of the lawsuit and failed to provide any basis for their failure to make any attempt to timely defend the case.

Defendants did not just get a summons, complaint, and get surprised by the entry of a Default Judgment. Defendants likewise do not contend that they failed to receive the filings in this case. The filings in this case not only reflect that Plaintiff sent a copy of every document he filed to Defendants, but they also reveal that Plaintiff repeatedly urged Defendants to retain counsel and provided them with copies of the Default and his application for a Default Final Judgment to avoid this very situation. [ECF No. 20.]

The situation at bar is akin to that discussed in *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 2011 WL 810254 (S.D. Fla. 2011) *aff'd*, 449 F. App'x 908 (11th Cir. 2011), wherein Judge Cohn repeatedly refused to vacate the entry of a default judgment entered against a *pro se* Defendant under analogous circumstances.

The Court also may consider Defendants' professed "inability to afford to hire an attorney" as a basis to award relief. Other than Defendants' unverified statement, unsupported by facts, there is nothing from which the Court could conclude that this statement is anything other than bare argument. The Court also may consider that Defendants did not file anything on a *pro se* basis for four months while this case was pending – while they were receiving paperwork – and while Plaintiff was proceeding to prosecute this case.

Certainly if Defendants had been diligent and come before the Court at the outset of this litigation, the circumstances would be markedly different. But they can't change the past.

This is not the first *pro se* litigant to ignore a lawsuit for months and then, after entry of a default judgment, seek relief on the basis that he/she/it cannot afford an attorney. While Courts can be receptive to these situations, they must be addressed promptly – not after four months of litigation.

> After consideration of the cases, both those favorable and unfavorable to Platinum Jet's position, and the circumstances presented by this case, the Court finds that Platinum Jet was on notice of this case and knowingly chose not to defend itself for six months. Platinum Jet did not advise the Court of any financial difficulties at the outset of this action and even now the evidence before this Court does not establish an inability to retain counsel. At best, Platinum Jet's conduct was reckless, and at worst intentional. Under either scenario, relief must be denied. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir.1996) (stating that "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief").

*Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, 2010 WL 331905, at *6 (S.D. Fla. 2010).

Defendants' conduct in ignoring these proceedings for four months after being peppered with paperwork is the type of reckless or intentional conduct that disqualifies a party from the grant of relief.

Accordingly, Plaintiff requests the Court to deny Defendants' Motion to Vacate with prejudice as legally and factually insufficient.

B.     _Mr. Martinez cannot represent the corporate Defendant_.

It is well settled within the Eleventh Circuit that a non-lawyer litigant cannot represent a corporate Defendant. This is true, even if the non-lawyer is an officer of the corporate Defendant. _See Palazzo_, _supra_. Thus, any papers that Mr. Martinez purported to file on behalf of Defendant, Las Brisas Restaurante, LLC, are of no significance and cannot provide the Court with a basis to award relief to the corporate Defendant.

## V.  Conclusion

For the foregoing reasons, Plaintiff requests that the Court deny Defendants' Motion to Vacate.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this <u>20th</u> day of February, 2015, and by U.S. Mail on *Defendants*, Las Brisas Restaurante, LLC, and Jose Segundo Martinez, 600 N. Surf Road, Unit 8 & 9, Hollywood, FL 33019 (the address where served with process in this action).

> FAIRLAW FIRM
> *Counsel for Plaintiff*
> 8603 S. Dixie Highway
> Suite 408
> Miami, FL 33143
> Tel:    305.230.4884
> Fax:    305.230.4844
>
> <u>s/*Brian H. Pollock, Esq.*</u>
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com